UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ERIC VINCIUS SILVA OLIVEIRA** | **CIVIL DOCKET NO. 6:25-cv-01463** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BRYAN PATTERSON, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ORDER

Before the Court is a MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION (the "Motion") [Doc. 12] requesting "immediate release of the Petitioner from Immigration and Customs Enforcement ("ICE") custody, pending further proceedings consistent with the Petition for writ of habeas corpus; to hold an immediate bond hearing for the Petitioner; and barring [ICE] from removing … Petitioner from this jurisdiction." After due consideration, the Motion for Temporary Restraining Order is **DENIED**, and the Motion for Preliminary Injunction will be decided pursuant to the expedited briefing schedule set by the Court during its status conference with counsel on October 6, 2025. [Doc. 11].

Petitioner is a Brazilian national who unlawfully entered the United States in 2016. On October 1, 2025, Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. 1], alleging that he has been in ICE custody since August 15, 2025, without the opportunity for a bond hearing. Petitioner seeks, among other things, a determination by this Court that his current detention should be pursuant to 8 U.S.C. § 1226(a) and that he should therefore be eligible for bond. On October 6, 2025, the Court held an expedited status conference with counsel for Petitioner and the government to determine Petitioner's status and develop an expedited briefing

schedule. Subsequent to this conference and pursuant to instruction by the Court, government counsel determined that Petitioner was issued an expedited removal order on August 15, 2025, and was scheduled for removal on October 1, 2025. The next day, on October 7, 2025, government counsel was informed and relayed to the Court that Petitioner had not yet been removed, and that agency counsel had no information as to when his removal flight might be re-scheduled. The instant Motion was filed in the late afternoon of October 8, 2025.

Important here, the only additional relief requested by Petitioner that was not discussed at the status conference is an *ex parte* order from the Court enjoining ICE "from removing or transferring the Petitioner." [Doc. 12]. But even if it were inclined to enjoin Petitioner's removal, this Court lacks jurisdiction under 8 U.S.C. § 1252(g) to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to … execute removal orders against any alien." *See Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999). And to the extent that Petitioner seeks to have this Court enjoin ICE from transferring him to another facility within the United States, such a transfer would not affect this Court's jurisdiction over the Petitioner's Habeas Petition. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Accordingly, insofar as the Motion seeks an *ex parte* Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b), that motion is **DENIED**. The remainder of the relief requested in Petitioner's Motion is consistent

with the relief sought in the Habeas Petition and shall be addressed by the Court pursuant to the expedited briefing schedule already entered by the Court after discussion with counsel. [Doc. 11]. Any required hearing will be set by the Court after the issues have been fully briefed.

THUS, DONE AND SIGNED in Chambers on this 9th day of October 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE